UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lawrence H. Crosby, Darlene L. Nash, And Wayne R. Spiczka, on behalf of Themselves and all others similarly Situated.

Plaintiffs,

v.

MEMORANDUM OPINION AND ORDER
Civil No. 00-2112 (MJD/RLE)

Aid Association for Lutherans, and Timothy P. Schmidt, General Agent,

Defendants.

---

Richard A. Lockridge, Robert K. Shelquist and Katheryn A. Andresen, Lockridge, Grindal Nauen PLLP, Paul Geller, Cauley & Geller, LLC, Charles H. Johnson, Charles H. Johnson & Associates, PA and Russell A. Ingebritson, Ingebritson & Associates, LLP for and on behalf of Plaintiffs.

Thomas D. Yannucci, PC and James P. Gillespie, Kirkland & Ellis, and Clifford M. Greene, William L. Green and Mark A. Myhra, Greene Espel, PLLP for and on behalf of Defendants.

---

Plaintiffs brought this putative class action against Defendant Aid Association for Lutherans ("AAL") and Defendant Timothy Schmidt, general agent for AAL in Minnesota, alleging that Defendants marketed an adjustable life insurance policy by deceptively and misleadingly showing that at a point in the time in the near future, the Plaintiffs would not have to pay further premiums out of their own pockets to purchase life insurance. The "vanishing premium" would result because the investment proceeds would eventually become large enough to

FILED APR 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 19 2001
DEPUTY CLERK

pay all subsequent premiums. Plaintiffs allege that the vanishing premiums never happened. Complaint ¶ 20.

Plaintiffs have alleged state law claims of fraud, fraudulent inducement and deceit, breach of fiduciary duty, and consumer fraud against Defendants, and seek compensatory and injunctive relief. Specifically, Plaintiffs seek actual damages, costs, disbursements, and attorney's fees. In addition, Plaintiffs seek to enjoin Defendants from canceling their policies for nonpayment of premiums and/or reinstating the policies pursuant to the original agreements of the parties and to create a claims resolution procedure for resolution of individual issues.

Before the Court are a number of motions. Plaintiffs originally filed this complaint in Hennepin County District Court. The matter was removed on the basis of diversity jurisdiction and Plaintiffs have timely filed a motion for remand. Plaintiffs assert that the action must be remanded because the requirements of diversity jurisdiction have not been met; there is not complete diversity between the parties and the amount in controversy does not exceed $75,000.

Defendants oppose the motion to remand and have moved the Court to transfer venue to Wisconsin, or in the alternative, to stay this matter pending arbitration. Defendants have also asked for an extension of time with which to file a responsive pleading. Three other putative class actions, involving similar claims against AAL, have been filed in other jurisdictions. Two of those actions have been transferred to the Eastern District of Wisconsin. The third was filed in Missouri state court, removed to the federal court, and later remanded. Plaintiffs

have filed a cross motion for default judgment, based on Defendants alleged failure to answer the complaint within the requisite time frame.

I. Remand

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

A. Amount in Controversy

In the prayer for relief, Plaintiffs seek damages for the wrongful acts complained of, and reimbursement for their costs and disbursements. They also seek to enjoin Defendants from canceling their insurance policies and seek an order requiring Defendants to create an appropriate claims resolution procedure for the resolution of individual issues. Plaintiffs do not provide a specific damage amount in the Complaint. When no amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence. Peterson v. BASF Corporation 12 F. Supp. 2d 964, 971 (D. Minn. 1998); Trimble v. Asarco, Inc. 232 F.3d 946, 959 (8th Cir. 2000).

Generally, in a class action suit in which the plaintiffs have separate and distinct claims, each claim must satisfy the jurisdictional amount requirement for

diversity jurisdiction. Zahn v. International Paper Company, 414 U.S. 291, 301 (1973)(refusing to overrule Snyder v. Harris, 394 U.S. 332(1969)). It is Plaintiffs' position that based on the claims asserted, no class member seeks or is entitled to damages in excess of $75,000 under Minnesota law.

Defendants do not dispute that aggregation of damages is not appropriate when the plaintiffs assert separate and distinct claims. However, when plaintiffs assert a common and undivided interest, then aggregation may be appropriate. In this case, Defendants argue that Plaintiffs are asserting a common and undivided interest in a claim for an extra-judicial claims resolution process. Defendants assert that its cost in implementing such a procedure will exceed $1 million dollars, well over the amount in controversy requirement.

Although the Eighth Circuit has not yet addressed the specific issue put forth by Defendants here, whether the cost to a defendant in complying with injunctive relief may be used to satisfy the amount in controversy requirements, the Court finds that weight of authority does not support the Defendants' contention.

As noted above, the general rule does not allow class members to aggregate claims to meet the amount in controversy requirement. An exception to the non-aggregation rule exists for those claims in which the plaintiffs have united to "enforce a single title or right, in which they have a common and undivided interest. . . " Zahn, 414 U.S. at 294 (citing Troy Bank of Troy, Indiana v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911)). Such undivided claim is one, which no plaintiff can enforce in the absence of the others. Troy, 222 U.S. at 32. The claims at issue in this case involve separate insurance policies, and the

Eighth Circuit has held that in class actions involving monetary recovery on individual insurance contracts, the claims of the proposed class are separate and distinct and cannot be aggregated. Burns v. Massachusetts Mutual Life Insurance Company, 820 F.2d 246, 250-251(8th Cir. 1987). The court also held that with respect to injunctive relief, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced. Id.

Defendants would have this Court adopt the "defendant's approach", in which the amount in controversy is determined by the defendant's point of view. Snow v. Ford Motor Company, 561 F.2d 787, 788 (9th Cir. 1977). Courts that have rejected this approach have done so because it would be contrary to the non-aggregation rules set forth in Snyder and Zahn. See eg., Snow, 561 F.2d at 790-791; Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1050 (3rd Cir. 1993); Radmer v. Aid Association for Lutherans, Civil No. 99-0961-CV-W-9-4 (W.D. Mo. April 27, 2000)(Shelquist Affidavit Ex. A); Blair v. Source One Mortgage Services Corporation, 925 F. Supp. 617 (D. Minn. 1996)(collecting cases).

Even the Seventh Circuit, which has recognized the "defendant's approach" when determining the amount in controversy, held that "[w]hatever the form of relief sought, each plaintiff's claim must be held separate from both the plaintiff's and the defendant's standpoint. The defendant in such a case is deemed to face multiple claims for injunctive relief, each of which must be separately evaluated." In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 610 (7th Cir. 1997). "The test, we repeat, is the cost to each defendant of an injunction

running in favor of one plaintiff; otherwise the non-aggregation rule would be violated." Id.

This case involves a class of individual policyholders seeking monetary and injunctive relief based on individual insurance policies. Thus, claim for injunctive relief is not one which "no plaintiff can enforce in the absence of the others". Accordingly, the Court finds that Defendants' cost of establishing a claims resolution process as a whole cannot be used as a bases for determining the amount in controversy.

Defendants also argue that it has met its burden of establishing that the amount in controversy requirement is met because Plaintiffs seek to enjoin Defendants from canceling their insurance policies. By doing so, the class members have placed the face value of such contracts at issue. Thus, any class member that has a policy with a face value in excess of $75,000 meets the amount in controversy requirement.[1] If the Court has original jurisdiction over one plaintiff, the Court can then exercise its supplemental jurisdiction over any plaintiffs that do not satisfy the amount in controversy requirement, pursuant to 28 U.S.C. § 1367.

In this case, two of the named Plaintiffs purchased life insurance policies from Defendants with face values exceeding $75,000; Plaintiff Crosby purchased a policy with the face value of $128,000 and Wayne Spiczka purchased a policy

[1] For purposes of this motion, the Court will assume without deciding that Plaintiffs have placed the face value of the policies at issue be seeking to enjoin Defendants from canceling the policies for failure to make out-of-pocket premium payments based on Defendants' allegedly deceptive scheme.

with a face value of $200,000. The insurance policy of Plaintiff Nash, however, has a face value of only $25,000, and has since lapsed. Defendants do not dispute that not every member meets the amount in controversy requirement.

In Zahn, supra the Supreme Court held that in a diversity-based class action suit brought pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, each member of the class must satisfy the amount-in-controversy requirement or be dismissed from the case. Id. at 301. Zahn thus stands for the proposition that a district court cannot exercise supplemental jurisdiction over claims of class members who do not, themselves, satisfy jurisdictional requirements. See eg. Trimble, 232 F.3d at 960.

Defendants argue that Congress overruled Zahn by its 1990 enactment of 28 U.S.C. § 1367. However, since the parties briefed this issue to this Court, the Eighth Circuit addressed this specific question and ruled that Zahn was not overruled by Congress' enactment of § 1367. Trimble, 232 F.3d at 962. Accordingly, remand is proper if each and every member of the plaintiff class does not meet the amount in controversy requirement of § 1332. See, Radmer, supra, (remand proper if only one of the named plaintiffs in a class action meets amount in controversy requirement); In re Potash Antritrust Litigation, 866 F. Supp. 406 (D. Minn. 1994)(court found remand proper where named plaintiffs met amount in controversy requirement but other class members did not, based on holding that Zahn not abrogated overruled by § 1367). See also, Peterson, 12 F. Supp. 2d at 971(remand appropriate where only one class member, who was not a class

representative, meets amount in controversy requirement, based on finding that Zahn not abrogated by § 1367).

Because the record clearly shows that not all members of the plaintiff class meet the amount in controversy requirement, remand is appropriate as the Defendants have not met their burden of establishing that this Court has supplemental jurisdiction over the Plaintiff's class action claims.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand is GRANTED. This action is hereby remanded to the Hennepin County District Court, State of Minnesota for further proceedings.

2. Defendants' Motion to Transfer, or in the alternative to Stay Proceedings, and for an extension of time to file an answer is DENIED.

3. Plaintiffs' Motion for Default Judgment is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 4-19-01

Michael J. Davis
United States District Court

[2] Because the Defendants have not met their burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence, the Court need not address the diversity requirement.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.